KVA Draft B printed September 20, 2010 (11:47AM)









Affirmed as Modified; Petition for Writ of Mandamus Denied and Opinion
filed October 7, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00429-CV

___________________

 

MONICA DARLENE Rawlins,
Appellant

 

V.

 

ROBERT E. Rawlins, JR., Appellee



 



 

On
Appeal from the 300th Judicial District Court 

Brazoria County,
 Texas



Trial Court Cause No. 39934 

 



 

_____________

 

NO. 14-09-00602-CV

_____________

 

IN RE MONICA
DARLENE RAWLINS, Relator

 



ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



OPINION

This consolidated appellate
proceeding, consisting of an appeal and a petition for writ of mandamus, arises
out of the trial court’s granting of a motion for judgment nunc pro tunc in
which the trial court changed dates in the Agreed Final Decree of Divorce.  We
modify the trial court’s “Order on Motion for Judgment Nunc Pro Tunc” by
deleting certain portions of the order and, as modified, we affirm.  We deny
the petition for writ of mandamus as moot.  

I.         Factual and
Procedural Background

On January 9, 2007, the trial court signed an Agreed
Final Decree of Divorce, dissolving the marriage of appellant/relator Monica
Darlene Rawlins (hereinafter “Mother”) and appellee Robert Rawlins, Jr.
(hereinafter “Father”).  The Agreed Final Decree of Divorce provided for Father
to pay child support for the couple’s child.

Over two years later, on March 12, 2009, Father filed
a motion for judgment nunc pro tunc, alleging that the Agreed Final Decree of
Divorce contained a clerical error in the date child support was to begin. 
Specifically, Father alleged that the date of January 5, 2006 stated in the
Agreed Final Decree of Divorce should have been January 5, 2007.  Mother
responded that the error was not a clerical error but a judicial error, and the
trial court could not correct by judgment nunc pro tunc a judicial error after
it lost plenary power over the judgment.

On April 9, 2009, a hearing was held on the motion
for judgment nunc pro tunc.[1] 
At the hearing, Father confirmed that he and his attorney came to court on
January 9, 2007 relative to the Agreed Final Decree of Divorce.  Father
testified that Mother filed for divorce in September 2006, and the parties
agreed to temporary orders for child support to begin in October 2006.  

Father stated that he was to pay Mother directly
until payments were deducted from his paycheck.  It was Father’s understanding
that child support was to be deducted from his first paycheck of January 2007. 
Therefore, according to Father, the statement in the Agreed Final Decree of
Divorce that child support was to begin on January 5, 2006 was incorrect and
should have read January 5, 2007.  Father testified that Mother knew there was
a mistake in the Agreed Final Decree of Divorce regarding child support and
indicated as much to him.  Mother testified that she filed for divorce in
September 2006, she was not in court on the day the Agreed Final Decree of
Divorce was proved up, and she agreed to the terms of the Agreed Final Decree
of Divorce.  

The trial court took
judicial notice of the file and noted at the hearing that (1) the petition for
divorce was filed on September 25, 2006 and, according to the petition, the
parties did not cease to live together until September 8, 2006; and (2) there
were temporary orders entered on October 10, 2006 that indicated child support
was to begin October 21, 2006.  Based on this information, the trial court
concluded the dates on pages one and seventeen of the Agreed Final Decree of
Divorce were clerical errors.  That day, the trial court signed an order
granting the motion for judgment nunc pro tunc, finding the following two
clerical errors in the Agreed Final Decree of Divorce:  (1) the date on the
first line of the judgment which read, “On January 9, 2006, the Court heard
this case” should have read “On January 9, 2007, the Court heard this case” and
(2) the date on which child support was to begin should have read “January 5,
2007” and not “January 5, 2006.” 

            On
April 28, 2009, Mother filed a request for findings of fact and conclusions of
law.  On May 28, 2009, the trial court issued findings of fact and conclusions
of law.  The trial court concluded that the errors in the Agreed Final Decree
of Divorce were clerical errors.  Mother filed an appeal on April 9, 2009 and a
petition for writ of mandamus on July 7, 2009.  Father did not file an
appellee’s brief.[2] 


II.        Analysis

In what we construe as one issue, Mother contends the
trial court erred by granting Father’s motion for judgment nunc pro tunc to
change the date on which child support was to begin because the evidence is
insufficient to support the trial court’s conclusion that the Agreed Final
Decree of Divorce contained clerical error.  Mother argues the error is a
judicial error, rather than a clerical error, and could not be changed after
the trial court’s plenary power had expired.  Mother made the same arguments in
her petition for writ of mandamus.

            The
trial court has plenary power to grant a new trial or to vacate, modify,
correct, or reform its judgment within 30 days after the judgment is signed.  Tex. R. Civ. P. 329b(d).  Once the trial court’s plenary power expires, it cannot set its
judgment aside except by a bill of review for sufficient cause.  Tex. R. Civ. P. 329b(f).  However, the trial court may at any time correct a clerical
error in the judgment by entering a judgment nunc pro tunc.  Tex. R. Civ. P.
316, 329b(f); Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986).

A clerical error is a
discrepancy between the entry of a judgment in the record and the judgment that
was actually rendered by the court, and does not arise from judicial reasoning
or determination.  See Escobar, 711 S.W.2d at 231-32; Andrews
v. Koch, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam).  A judicial error,
on the other hand, occurs in the rendering, as opposed to the entering,
of a judgment.  Escobar, 711 S.W.2d at 231 (emphasis in original). 
“Judges render judgment; clerks enter them on the minutes.”  Burrell v.
Cornelius, 570 S.W.2d 382, 384 (Tex. 1978).  A judgment is rendered when
the decision is officially announced either orally in open court or by
memorandum filed with the clerk.  Comet Aluminum Co. v. Dibrell, 450
S.W.2d 56, 58 (Tex. 1970) (orig. proceeding).  Errors in judgments are not ipso
facto clerical errors merely because they are the result of an inadvertent error. 
See Finlay v. Jones, 435 S.W.2d 136, 138 (Tex. 1968).  The trial
court “can only correct the entry of a final written judgment that incorrectly
states the judgment actually rendered.”  Escobar, 711 S.W.2d at 231-32.

            When
deciding whether an error is clerical or judicial, this court must look to the
judgment actually rendered and not to the judgment that should or might have
been rendered.  Id. at 231.  Even if the trial court renders judgment
incorrectly, the trial court has no nunc pro tunc power to correct or modify
the entered judgment which precisely reflects the incorrect rendition after its
plenary jurisdiction expires.  Id. at 231-32; LaGoye v. Victoria Wood
Condo. Ass’n, 112 S.W.3d 777, 783 (Tex. App.—Houston [14th Dist.] 2003, no
pet.).  Whether an error is judicial or clerical is a question of law.  Escobar,
711 S.W.2d at 232.  “The judicial or clerical question becomes a
question of law only after the trial court factually determines whether it
previously rendered judgment and the judgment’s contents.”  Id.  A
judgment rendered to correct a judicial error after plenary power has expired
is void.  Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex. 1973) (orig.
proceeding).  

A judgment nunc pro tunc
should be granted if the evidence is clear and convincing that a clerical error
was made.  In re Broussard, 112 S.W.3d 827, 833 (Tex. App.—Houston [14th
Dist.] 2003, orig. proceeding).  Evidence may be in the form of oral testimony
of witnesses, written documents, the court’s docket, and the judge’s personal
recollection.  Pruet v. Coastal States Trading, Inc., 715 S.W.2d 702,
705 (Tex. App.—Houston [1st Dist.] 1986, no writ).  If the same trial judge who
renders the judgment grants the nunc pro tunc motion, a presumption arises that
the judge’s personal recollection supports the finding of clerical error.  Id. 


Here, the trial court
signed the Agreed Final Decree of Divorce on January 9, 2007, which included
the following statements: (1) “On January 9, 2006, the Court heard this case,”
and (2) “IT IS ORDERED that [Father] is obligated to pay and shall pay to
[Mother] child support of $802.00 per month, with the first payment being due
and payable on January 5, 2006 . . . .”  The trial court had plenary power for
30 days after the judgment was signed.  Tex. R. Civ. P. 329b(d).  On March 12,
2009, over two years later, Father filed his motion for judgment nunc pro
tunc.  On April 9, 2009, the trial court signed the order on the motion for
judgment nunc pro tunc, granting the motion and ordering that both dates be
changed from “2006” to “2007.”  

Neither party presented evidence at the hearing on
the motion for judgment nunc pro tunc that the trial court rendered a different
judgment in writing or orally prior to signing the Agreed Final Decree of
Divorce.  See America’s Favorite Chicken Co. v. Galvan, 897
S.W.2d 874, 878 (Tex. App.—San Antonio 1995, writ denied).  There is no record
from the day on which the trial court heard the Agreed Final Decree of Divorce
because the parties waived the presence of a court reporter.  

On May 27, 2010, we abated this case and ordered the
trial court to clarify both when it rendered judgment and the contents of that judgment. 
The trial court responded that it orally rendered judgment after the written
Agreed Final Decree of Divorce was prepared.[3] 
The trial court did not state that the oral rendition differed from the written
Agreed Final Decree of Divorce.  See In re Cherry, 258 S.W.3d 328, 333 (Tex.
App.—Austin 2008, orig. proceeding) (finding judicial, not clerical, error when
trial court ordered period of supervision to start on October 18, 2004,
although court may have meant for period to start on October 18, 2005). 
The trial court’s docket sheet, which contains the trial judge’s initials and
signature, states:  “Respondent, Robert Rawlins, Jr. and attorney present. 
Testimony by Respondent presenting Agreed Final Decree of Divorce as evidence
by signature of Petitioner and her attorney.  Enter Agreed Final Decree of
Divorce.”  See Escobar, 711 S.W.2d at 232 (docket entry some
evidence of rendered judgment and its contents).  Thus, the only evidence in
the record regarding the contents of the judgment the trial court actually
rendered is the signed Agreed Final Decree of Divorce.  See Hernandez v.
Lopez, 288 S.W.3d 180, 188 (Tex. App.—Houston [1st Dist.] 2009, no pet.)
(op. on reh’g).  

A proper nunc pro tunc is one in which the judgment
as entered actually differs from the judgment as rendered; in
that scenario, “a nunc pro tunc judgment will only serve to ensure that the
judgment as rendered is actually entered of record.”  Galvan, 897 S.W.2d
at 879 (citing Escobar, 711 S.W.2d at 231).  This is true even if, as Father
asserted, the child-support start date in the Agreed Final Decree of Divorce
clearly is not the date contemplated by the parties.  See Hernandez,
288 S.W.3d at 187.  This is also true even if the record indicates the mistake
most likely arose from a drafting error that the parties overlooked.  See
In re Daredia, 317 S.W.3d 247, 249 (Tex. 2010) (orig. proceeding) (per
curiam); LaGoye, 112 S.W.3d at 784 (drafting errors became part of
rendered judgment and were properly characterized as judicial errors).  Because
nothing in the record shows that there is a discrepancy between the judgment as
rendered and the judgment as entered, we are compelled by current law to hold that
the error in the child-support start date was a judicial error.  Therefore,
Mother’s issue is sustained.[4] 


This outcome, while compelled by current Texas law,
is admittedly a repugnant result.  Because of an apparent typographical or
drafting error, Mother will receive a windfall of undeserved child-support
payments encompassing a period of time when the family was still intact and
living together.  The fact that Mother is a Texas attorney, knows that the
judgment contained a mistake, and is exploiting that error to her own financial
advantage, makes the result even more intolerable.  We would hope that an
attorney, who is charged with safeguarding the integrity of the legal process,[5] would not insist
upon erroneous back child-support payments—even to the point of appealing from
the trial court’s rather transparent efforts to correct the mistake.  Regrettably,
some lawyers subscribe to a different code of personal and professional
ethics.  As former United States Supreme Court Justice Potter Stewart observed,
“[T]here is a big difference between what you have a right to do and what is
right to do.”[6]

Nevertheless, this Court is required to follow the
law.  Therefore, we hold that the trial court erred in entering the portion of
the “Order on Motion for Judgment Nunc Pro Tunc” changing the date from January
5, 2006 to January 5, 2007 on page 17 of the Agreed Final Decree of Divorce.  We
modify the trial court’s “Order on Motion for Judgment Nunc Pro Tunc” to delete
(1) the trial court’s finding that there was a clerical error on page 17 of the
Agreed Final Decree of Divorce in the paragraph titled “Child Support” on the
third line down which begins “payable on January 5, 2006”; (2) the trial
court’s finding that on page 17 of the Agreed Final Decree of Divorce on the
third line down on the paragraph titled “Child Support” the date should read
“January 5, 2007” and not “January 5, 2006”; and (3) the trial court’s order that
the date on page 17 on the third line down from the paragraph titled “Child
Support” be changed for all purposes to “January 5, 2007.”  

On appeal, Mother does not challenge the change made
by the trial court on page one of the Agreed Final Decree of Divorce to reflect
the date on which Father and his attorney appeared in court to prove up the
Agreed Final Decree of Divorce.[7] 
Therefore, we affirm the unchallenged portion of the trial court’s “Order on
Motion for Judgment Nunc Pro Tunc” that finds there was a clerical error in the
Agreed Final Decree of Divorce on page one and orders that the date on the
first line of page one be changed to January 9, 2007.  

III.      Conclusion

Accordingly, we affirm the “Order on Motion for
Judgment Nunc Pro Tunc” as modified.  We deny the petition for writ of mandamus
as moot.  

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Justices Brown, Sullivan, and
Christopher.

 









[1] The findings of fact and
conclusions of law state the hearing was held on March 31, 2009; however, the
transcript lists the date as April 9, 2009.





[2]
Because there is no appellee’s brief, we must
treat the facts as undisputed.  See Tex. R. App. P. 38.1(g) (“The brief
must state concisely and without argument the facts pertinent to the issues or
points presented.  In a civil case, the court will accept as true the facts
stated unless another party contradicts them.  The statement must be supported
by record references.”).

 





[3] The precise meaning of
this statement is unclear.  Texas Family Code section 101.026 states that to
“render” in a suit affecting the parent-child relationship means “the
pronouncement by a judge of the court’s ruling on a matter.  The pronouncement
may be made orally in the presence of the court reporter or in writing,
including on the court’s docket sheet or by a separate written instrument.” 
Tex. Fam. Code Ann. § 101.026 (Vernon 2008) (emphasis added).





[4] In her prayer for relief,
Mother prays for “attorney’s fees, expenses and cost because this suit is
frivolous and brought with the intent to harass . . . .”  Mother has not cited
any grounds or authority for this Court to grant this relief in this case. 
Therefore, we deny Mother’s request.  See Tex. R. App. P. 38.1(i).





[5] See generally Tex.
Lawyer’s Creed—A Mandate for Professionalism I, III (adopted by the Supreme
Court of Texas and the Court of Criminal Appeals Nov. 7, 1989), reprinted in
Texas Rules of Court 803, 804–05 (West 2010); Tex. Disciplinary R. Prof’l
Conduct preamble &&
1, 4, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G app. A
(Vernon 2005) (Tex. State Bar R. art. X, § 9).





[6] See State ex rel.
Rosenthal v. Poe, 98 S.W.3d 194, 222 (Tex. Crim. App. 2003) (orig.
proceeding) (Keasler, J., dissenting).





[7] The date that a judgment
was actually rendered or signed or when a hearing was held may be corrected by
a nunc pro tunc judgment.  Nolan v. Bettis, 562 S.W.2d 520, 523 (Tex.
Civ. App.—Austin 1978, no writ); City of San Antonio v. Terrill, 501
S.W.2d 394, 397 (Tex. Civ. App.—San Antonio 1973, writ ref’d n.r.e.); Capital
Life Ins. Co. v. Rutherford, 468 S.W.2d 535, 536 (Tex. Civ. App.—Houston
[1st Dist.] 1971, no writ).