Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★  ★  ★                                    ★  ★  ★

## MEMORANDUM OPINION

No. 04-11-00865-CV

Wael Anis **NAIME**,
Appellant

v.

Nermin Sayad **SOLIMAN**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-04531
Honorable Richard Price, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  July 11, 2012

REVERSED AND REMANDED

Wael Anis Naime appeals from an order granting a special appearance in favor of his wife, Nermin Sayad Soliman, and dismissing his suit for divorce in its entirety. We reverse the judgment of the trial court and remand the cause for further proceedings.

### BACKGROUND

Naime and Soliman were married in Cairo, Egypt in 1993 and later moved to the United States where their two children were born. Around 1997 or 1998, the parties moved to San

Antonio and lived here until 2005 when they returned to Cairo. Sometime in 2008, Naime returned to San Antonio alone while Soliman stayed in Cairo with the children.[1] The parties currently own a home in San Antonio that has been rented to a third party for the last five years. Soliman maintains a business and bank accounts in San Antonio.

On March 17, 2011, Naime filed for divorce in Bexar County. In the petition he asked to be named joint managing conservator with the exclusive right to designate the primary residence of the children, and that Soliman be ordered to pay child support. Naime perfected service on Soliman on June 22, 2011. Thereafter, Soliman filed a Special Appearance, Plea to the Jurisdiction, and Request For Court to Decline Jurisdiction along with her original answer. In the pleading, Soliman asked the court to grant the special appearance because her legal domicile is outside Texas and in Cairo, Egypt, and she has insufficient contacts with Texas to warrant an assumption of jurisdiction. Soliman further asked the court to dismiss for lack of subject matter jurisdiction because she had lived in Cairo with her minor children since 2006. Alternatively, she asked the court to decline jurisdiction on inconvenient forum grounds.

On July 14, 2011, a hearing was held on Soliman's special appearance and plea to the jurisdiction. At the hearing, Soliman appeared in person and Naime appeared by telephone from Houston, where he was working. Soliman testified that she first filed for divorce in Cairo in January 2011. In support, she offered into evidence purported certified copies of documents written in Arabic and English translations of same showing that she had filed for divorce in Cairo and served Naime. Counsel for Naime objected to the admission of these documents on the grounds of unreliability, hearsay, and failure to follow proper evidentiary protocol in having them disclosed, translated, and certified. The translations did not contain an affidavit of

---

[1] The children actually returned with Naime for a month and a half to attend summer camp; the children likewise spent holidays with their father in Texas.

translator in accordance with Rule 1009, nor was Naime given sufficient time to review the documents before the hearing. *See* TEX. R. EVID. 1009. The trial court ultimately overruled the objections and admitted both the copies of the foreign public documents and the corresponding English translations. The trial court also heard testimony regarding Soliman's contacts with Texas, including that she owns a home in San Antonio; owns a business on Wurzbach Road in San Antonio; incorporated her business in Texas; is required to maintain a registered agent for service of process in Texas; maintains several bank accounts in San Antonio; and filed her 2010 federal income taxes using a San Antonio address.

At the conclusion of the hearing, the trial court took the matter under advisement, and later, on October 17, 2011, signed an Order on Defendant's Special Appearance which granted Soliman's special appearance challenging personal jurisdiction and dismissed the case. On October 26, 2011, Naime filed a written request for findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296. On November 21, 2011, Naime filed a notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 297. On December 6, 2011, Naime timely perfected his appeal.

Thereafter, Soliman filed a motion to sign order nunc pro tunc. On March 7, 2012, a hearing was held on Soliman's motion during which counsel for Soliman argued that the trial court made a "clerical error" in signing the October 17, 2011 order because it recited that the special appearance was granted due to lack of personal jurisdiction. While Soliman conceded that she was personally subject to the court's jurisdiction, she argued that the court lacked subject matter jurisdiction over the custody proceeding because she filed first in Egypt and because the children resided with her in Egypt six months prior to the filing of Texas divorce. She further maintained that the trial court never ruled on personal jurisdiction and asked the trial court to

sign an order nunc pro tunc reflecting that it was granting her plea to the jurisdiction on subject matter grounds. The same day, the trial court signed an Order of Dismissal Nunc Pro Tunc granting Soliman's motion to dismiss for lack of jurisdiction under the Uniform Child Custody and Enforcement Act (UCCJEA). The order recited that:

> The Court determined that the children and the Respondent have resided in Cairo, Egypt since June 15, 2005 and therefore the home state of the children at the time of the initial filing for divorce by Petitioner was Egypt. The court finds that Texas is not the home state of the children and therefore dismisses Petitioner's cause of action.

The trial court thus granted Soliman's plea to the jurisdiction and dismissed Naime's case.

## DISCUSSION

On appeal, Naime argues that the trial court erred in (1) admitting uncertified copies of foreign documents as well as unqualified English translations of uncertified copies of foreign documents; (2) granting the special appearance; and (3) failing to file findings of fact and conclusions of law after timely request.

### *Nunc Pro Tunc Order*

Although not raised by the parties in the briefing, we initially address whether the trial court had the authority to sign the nunc pro tunc order on March 7, 2012. After a trial court loses plenary power, it has limited authority to change its judgment. *See Pearcy v. Pearcy*, 884 S.W.2d 512, 514 (Tex. App.—San Antonio 1994, no writ). A judgment nunc pro tunc, however, may be issued after a trial court's plenary power expires to correct a clerical error in a judgment or order. TEX. R. CIV. P. 316; TEX. R. CIV. P. 329b(d), (f); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). "A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the court, and does not arise from judicial reasoning or determination." *Rawlins v. Rawlins*, 324 S.W.3d 852, 855 (Tex. App.—Houston

[14th Dist.] 2010, no pet.). By contrast, a judicial error occurs in the rendering, rather than the entering of the judgment. *Escobar*, 711 S.W.2d at 231; *see also Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (rendition of a judgment occurs when the trial court's decision is officially announced either by a signed memorandum filed with the clerk of the court or orally in open court). "Judges render judgment; clerks enter them on the minutes." *Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex. 1978). Even if the trial court renders judgment incorrectly, it cannot alter a written judgment that precisely reflects the incorrect rendition. *Escobar*, 711 S.W.2d at 232. This is true even if the record indicates the mistake most likely arose from a drafting error overlooked by the parties. *See In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) (orig. proceeding) (per curiam). A judgment rendered to correct a judicial error after plenary power has expired is void. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding); *Hernandez v. Lopez*, 288 S.W.3d 180, 185 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

In this case, the original order was titled "Order on Defendant's Special Appearance" and provided that:

> On July 14, 2011, the Court heard the Defendant's Special Appearance Challenging Personal Jurisdiction and the Plaintiff's response thereto. After due consideration of the special plea, the response, the affidavits, discovery, other evidence adduced at the hearing, and the arguments of counsel, this Court is of the opinion that such Motion should be GRANTED.
>
> IT IS THEREFORE ORDERED that Defendant's Special Appearance Challenging Personal Jurisdiction is GRANTED and this cause is hereby DISMISSED.

By contrast, the "Order of Dismissal Nunc Pro Tunc" provided that:

> On March 7, 2012 the Court considered the Motion to Sign Order Nunc Pro Tunc [and] Dismiss for Lack of Jurisdiction under the UCCJEA filed by NERMIN SAYED SOLIMAN.

The Court determined that the children and the Respondent have resided in Cairo, Egypt since June 15, 2005 and therefore the home state of the children at the time of the initial filing for divorce by Petitioner was Egypt. The court finds that Texas is not the home state of the children and therefore dismisses Petitioner's cause of action.

IT IS THEREFORE ORDERED that Respondent's Plea to the Jurisdiction is granted and the Petitioner's case is DISMISSED.

We cannot agree that a clerical error existed permitting correction by nunc pro tunc order. Clerical changes to judgments typically include corrections of the date of judgment, *Nolan v. Bettis*, 562 S.W.2d 520, 523 (Tex. Civ. App.—Austin 1978, no writ), correction of a party name, *Carlyle Real Estate Ltd. Partnership-X v. Leibman*, 782 S.W.2d 230, 233 (Tex. App.—Houston [1st Dist.] 1989, no writ), and correction of a numerical error, *Escobar*, 711 S.W.2d at 232. Clerical changes have also been upheld where the record clearly showed the change was to the judgment entered, not the judgment rendered. *See, e.g., Jenkins v. Jenkins*, 16 S.W.3d 473, 482 (Tex. App.—El Paso 2000, no pet.) (record of hearing obviously showed trial court rendered judgment that mother was ordered to maintain child's residence at a specified address, rather than the judgment entered, which merely stated the mother had the right to establish the child's residence anywhere within the county). The differences between the two orders in this case clearly "arise from judicial reasoning or determination." *Rawlins*, 324 S.W.3d at 855.

Further, there is no proof in the record that the trial court actually rendered or pronounced a different judgment prior to signing the Order on Defendant's Special Appearance. *See America's Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 878 (Tex. App.—San Antonio 1995, writ denied); *Rawlins*, 324 SW.3d at 856. In fact, at the conclusion of the July 14, 2011 hearing, the trial court did not make any oral pronouncements, but instead took the matter under advisement. Because the order did not merely correct a clerical error, but instead made substantive changes pursuant to judicial reasoning, it was not a proper nunc pro tunc judgment

and is void. *Dikeman*, 490 S.W.2d at 186. Accordingly, the only valid order before us is the order signed on October 17, 2011, which granted the special appearance on the basis of personal jurisdiction.[2]

## *Special Appearance*

We now address Naime's challenge to the special appearance.

### A.  Standard of Review and Applicable Law

A special appearance is used to challenge the trial court's jurisdiction over the person or property based on a claim that neither is amenable to process in this state. TEX. R. CIV. P. 120a. The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident within the provisions of the long-arm statute. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). The nonresident has the burden to negate all forms of personal jurisdiction claimed by the plaintiff. *Id.*

Texas courts may exercise jurisdiction over a nonresident defendant if the Texas long-arm statute authorizes the exercise of jurisdiction and if the exercise of jurisdiction comports with due process. *Daimler-Benz Aktiengesellschaft v. Olson*, 21 S.W.3d 707, 714 (Tex. App.—Austin 2000, pet. dism'd w.o.j.) (citing *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)). In a suit for dissolution of a marriage, a court of this state may acquire jurisdiction over a nonresident spouse if Texas was the parties' last marital residence or if there is any basis consistent with the state and federal constitutions for

---

[2] The trial court also filed findings of fact and conclusions of law on March 15, 2012, three days after Naime's brief was filed in this court. Generally, the trial court need not have plenary power to file properly requested findings and conclusions because such findings and conclusions do not vacate or change the judgment, but merely explain the reasons for the judgment. *See In re Gillespie*, 124 S.W.3d 699, 703 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (en banc). In this instance, however, we decline to review the late-filed findings because they relate to the nunc pro tunc order, which we hold is void. *See Sonnier v. Sonnier*, 331 S.W.3d 211, 215-16 (Tex. App.—Beaumont 2011, no pet.) (considering findings and conclusions filed seven months after appellant filed notice of appeal to be a "nullity" because the appellate court had exclusive jurisdiction over the case); *Stefek v. Helvey*, 601 S.W.2d 168, 170 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.).

exercise of personal jurisdiction. TEX. FAM. CODE ANN. § 6.305(a) (West 2006); *Goodenbour v. Goodenbour*, 64 S.W.3d 69, 76 (Tex. App.—Austin 2001, pet. denied).

## B. Analysis

Although Soliman's pleadings clearly asked the trial court to grant her special appearance because she "has had insufficient contacts with Texas to warrant an assumption of jurisdiction," Soliman now concedes that she is amenable to service in Texas and does not contest that the Texas court has jurisdiction over her. The trial court therefore had personal jurisdiction over Soliman. *See* TEX. FAM. CODE ANN. § 6.308(a) (West 2006) (providing that court in which suit for dissolution of marriage is filed "may exercise its jurisdiction over those portions of the suit for which it has authority"); *see also Graebener v. Graebener*, No. 01-11-00331-CV, 2012 WL 1143590, at *3 (Tex. App.—Houston [1st Dist.] April 5, 2012, no pet. h.) (mem. op.) (holding trial court did not err in entering divorce and dividing marital estate where wife waived complaint that trial court lacked personal jurisdiction over her). Accordingly, the trial court erred in granting the special appearance on the basis of personal jurisdiction. We therefore sustain Naime's second issue.[3]

### CONCLUSION

Based on the foregoing, we reverse the judgment of the trial court, and remand the cause to the trial court for further proceedings not inconsistent with this opinion.

Phylis J. Speedlin, Justice

---

[3] Because of our disposition, we need not address the other issues raised by Naime. *See* TEX. R. APP. P. 47.1.