**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed January 28, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00905-CV

## IN RE JEFFREY M. STERN, INDIVIDUALLY AND D/B/A STERN, MILLER & HIGDON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-44691**

## MEMORANDUM OPINION

On October 16, 2013, relator Jeffrey M. Stern, Individually and d/b/a Stern, Miller & Higdon filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable William Burke, presiding judge of the 189th District Court of Harris County, to vacate a judgment nunc pro tunc. Because the

trial court issued the judgment nunc pro tunc to correct a judicial error, rather than a clerical error, we conditionally grant the petition for writ of mandamus.

## BACKGROUND

### *The Underlying Litigation*

Relator Jeffrey M. Stern is an attorney whose practice focuses on personal injury cases. The real party in interest is Gulf Coast Orthopaedic and Spine Associates (hereinafter, "Gulf Coast"), a business entity that specialized in providing orthopedic medical care. Relator and Gulf Coast allegedly had a business arrangement wherein relator would refer clients to Gulf Coast, which would then provide medical services to those clients in exchange for an assigned interest in any legal award to the client resulting from that individual's personal injury claim. Gulf Coast filed suit against relator in 2004, claiming that relator failed to remit payments owed to Gulf Coast pursuant to their arrangement. In 2005, the suit was amended to add another plaintiff, Dr. Jeffrey Reuben, who alleged similar claims against relator.

Initially, both Gulf Coast and Reuben were represented by the same attorney—David S. Prince. While the suit was pending, however, Attorney Prince died. Another attorney, J. Michael Black, was substituted in as counsel on behalf of both Gulf Coast and Reuben. Thereafter, Reuben retained separate counsel, Sarnie A. Randle, Jr., who was substituted in solely on Reuben's behalf. Attorney Black continued to serve as counsel for Gulf Coast.

In 2006, Gulf Coast filed a suggestion of bankruptcy with the trial court, noting the pendency of bankruptcy proceedings by Gulf Coast in federal court and

2

requesting a stay of the proceedings in the trial court. Thereafter, Rueben filed a motion to sever his claims from those of Gulf Coast, so that his claims could proceed without having to wait for resolution of the bankruptcy proceedings. The trial court granted severance, ordering that the severed case proceed under a distinct style and cause number.

Both cases remained pending for several years. Then, in May 2010, Reuben settled his claims against relator. Notwithstanding the settlement, Reuben withheld filing a motion to dismiss his claims at that time in order to ensure payment was received from relator. Reuben received the settlement payment in June 2010, but did not file a motion to dismiss. In September 2010, the trial court issued a notice of intention to dismiss Reuben's case for failure to submit a final judgment. The trial court also issued in October 2010 a notice of disposition deadline in the Gulf Coast case, indicating that it would dismiss the case for want of prosecution absent appropriate action. Attorney Randle also appears to have received a telephone call from the trial court's clerk, requesting that a motion to dismiss be filed so that the settlement between Reuben and relator could be finalized.

On October 18, 2010, Attorney Randle, who never represented Gulf Coast, filed a motion to dismiss the Gulf Coast case. The motion included the cause number and caption of the Gulf Coast case, explicitly states that the motion is being brought by Gulf Coast, makes no mention of Reuben or the settlement of Reuben's case, does not reference Attorney Black (Gulf Coast's attorney), and was signed by Attorney Randle as "ATTORNEY FOR PLAINTIFF, GULF COAST ORTHOPEDIC AND SPINE ASSOCIATES." The trial court granted the motion to dismiss on October 21, 2010 in a written order prepared by Attorney Randle.

3

### *The Motion for Judgment Nunc Pro Tunc*

In November 2012, the bankruptcy trustee for Gulf Coast, Lowell T. Cage (hereinafter, "Trustee"), filed a motion with the trial court for judgment nunc pro tunc pursuant to Rule 316 of the Texas Rules of Civil Procedure, requesting that the trial court withdraw its order dismissing Gulf Coast's case and reinstate that cause of action. Trustee presented several arguments to the trial court, including that a judgment nunc pro tunc was permitted to correct a clerical error, that Trustee did not authorize Attorney Randle to file the motion to dismiss, and that the order dismissing Gulf Coast's case was void as it was in violation of the bankruptcy stay. Relator filed a plea to the jurisdiction and response to Trustee's motion.

The trial court held an evidentiary hearing on the motion for judgment nunc pro tunc on May 3, 2013, at which Attorney Randle testified and Trustee and relator presented arguments. During the hearing, the trial court candidly admitted that "clearly a mistake was made" in dismissing Gulf Coast's case. The trial court acknowledged on multiple occasions that it should not have dismissed Gulf Coast's case—stating, for example:

> "Had I known everything that you all have brought to my attention this morning and in your papers, I would have dismissed Mr. Randle's case and left the other case pending."

> "Had I known these facts, I would not have dismissed the Gulf Coast case, obviously."

> "Had I known what the facts were, this is not what I would have intended to do."

The trial court also noted, however, that its error in dismissing Gulf Coast's case occurred because of a lack of clarity at the time with respect to the facts, which

4

originated from the actions of counsel in presenting the motion to dismiss. Specifically, the trial court stated: "I signed the judgment I intended to. It says exactly what I intended it to, but I did not appreciate the facts. . . . [The error] didn't originate with me . . . because I was not aware . . . ."

Being fully apprised of the facts surrounding the litigation, the trial court opted for "a practical solution." Despite expressing skepticism that the dismissal of Gulf Coast's case could be corrected by a judgment nunc pro tunc and explicitly suggesting to Trustee that he may need to file a bill of review to obtain redress, the trial court decided to "treat [the error] as a clerical mistake" and granted Trustee's motion for judgment nunc pro tunc, but recognized that the matter may need to be "straighten[ed ] out" by the Court of Appeals. The trial court followed its oral decision at the hearing with a written judgment nunc pro tunc dated September 13, 2013. Relator then filed this petition for writ of mandamus.[1]

---

[1] In its response to relator's petition, Trustee objects to the record prepared by relator on the grounds that the reporter's record does not include the exhibits that were introduced in the trial court hearing on motion for judgment nunc pro tunc, and because the record includes documents from the underlying litigation that pre-date the motion for judgment nunc pro tunc. Trustee did not, however, file a motion to strike any portion of relator's record. Regardless, Trustee's objections are without merit. Relator provides all documents required to support the petition, and all documents are either certified or sworn copies. *See* Tex. R. App. P. 52.3(k), 52.7(a). Relator did include all the allegedly omitted exhibits elsewhere in the record, even if not directly part of the hearing transcript. As for the documents pre-dating the motion for judgment nunc pro tunc, relator appears to include these documents to provide additional historical context about the underlying litigation. Trustee does not argue, and we do not believe, these documents establish any material facts not otherwise admitted by the parties in the context of the motion for judgment nunc pro tunc before the trial court or in the briefs filed with this Court. Indeed, Trustee states that it "adopts the facts presented by Relator as they relate to the pleadings filed" in the underlying litigation. Accordingly, there is no defect with relator's record that affects our consideration of relator's petition.

## MANDAMUS STANDARD

Generally, mandamus relief is available if the trial court violates a duty imposed by law or clearly abuses its discretion, and the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The issuance of a void order is an abuse of discretion." *Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Moreover, "[w]hen the order is adjudged void, it is not necessary for a relator to additionally show that it lacks an adequate appellate remedy." *Id.* Therefore, "[c]ases involving void orders present a circumstance warranting mandamus relief." *Id.*

## ANALYSIS

A trial court "has plenary power to grant a new trial or to vacate, modify, correct, or reform [its] judgment within thirty days after the judgment is signed." Tex. R. Civ. P. 329b(d); *see also Rawlins v. Rawlins*, 324 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2010, no pet.). "On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause . . . ." Tex. R. Civ. P. 329b(f); *see also Rawlins*, 324 S.W.3d at 855. However, a trial court "may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316." Tex. R. Civ. P. 329b(f); *see also* Tex. R. Civ. P. 316 ("Clerical mistakes in the record of any judgment may be corrected by the judge . . . ."); *Rawlins*, 324 S.W.3d at 855. Under these rules, therefore, a trial court may issue a judgment nunc pro tunc following the expiration of its plenary power only

to correct a clerical error made in entering a final judgment. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). But a trial court may not issue a judgment nunc pro tunc following the expiration of its plenary power to "correct a judicial error made in rendering a final judgment." *Id.* (emphasis omitted).

"The salient distinction between 'clerical' and 'judicial' errors lies in the exercise of the judgmental offices of the court." *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam). "A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the court, and does not arise from judicial reasoning or determination." *Rawlins*, 324 S.W.3d at 855. "A judicial error, however, is an error arising from a mistake of law or fact that requires judicial reasoning or determination to correct." *Butler v. Cont'l Airlines, Inc.*, 31 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). "Judges render judgment; clerks enter them on the minutes." *Burrell v. Cornelius*, 570 S.W.2d 382, 384 (Tex. 1978). "[A] judgment is rendered when the decision is officially announced orally in open court, by memorandum filed with the clerk, or otherwise announced publicly." *Garza v. Tex. Alcoholic Beverage Comm'n*, 89 S.W.3d 1, 6 (Tex. 2002). "The court can only correct the entry of a final written judgment that incorrectly states the judgment actually rendered. Thus, even if the court renders incorrectly, it cannot alter a written judgment which precisely reflects the incorrect rendition." *Escobar*, 711 S.W.2d at 231–32. "Errors in judgments are not ipso facto clerical errors merely because they are the result of an inadvertent error." *Rawlins*, 324 S.W.3d at 855.

"[T]he decision whether an error in a judgment is judicial or clerical is a question of law." *Escobar*, 711 S.W.2d at 232. But "[t]he judicial or clerical

question becomes a question of law only after the trial court factually determines whether it previously rendered judgment and the judgment's contents." *Id.* "When deciding whether a correction is of a judicial or clerical error, we look to the judgment actually rendered, not the judgment that should or might have been rendered." *Id.* at 231. "In order for a judgment nunc pro tunc to be properly granted, the evidence must be clear and convincing that a clerical error was made." *Barton v. Gillespie*, 178 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2005, no pet.). "Evidence may be from oral testimony of witnesses, written documents, previous judgments, docket entries, or the trial judge's personal recollection." *Id.*

The record in this case leaves no doubt as to what judgment actually was rendered by the trial court. On October 21, 2010, the trial court issued a written judgment that "ORDERED, ADJUDGED, and DECREED, that [Gulf Coast's] claims against [relator] . . . are hereby DISMISSED without prejudice." A copy of that judgment was presented to the trial court in connection with the nunc pro tunc motion, the contents of the judgment were not disputed by either Trustee or relator in the underlying proceedings, and the trial court did not raise any question as to the actual contents of the judgment during the hearing on the nunc pro tunc motion or in its order granting judgment nunc pro tunc. Moreover, there was no prior oral ruling on the motion to dismiss; the sole rendering was the October 21, 2010 order. The trial court's plenary power to withdraw this judgment dismissing Gulf Coast's case expired on or about November 22, 2010—long before Trustee filed the motion for judgment nunc pro tunc. Thus, only if the dismissal of Gulf Coast's case was a clerical error would the trial court's judgment nunc pro tunc have been proper. But here, the dismissal was a judicial error, not a clerical error.

What occurred was a mistake in the rendering of the judgment dismissing Gulf Coast's case that originated from an error of counsel in presenting the motion to dismiss to the trial court. This Court considered a similar situation in the case of *In re Rollins Leasing Inc.*, 987 S.W.2d 633 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). In that case, plaintiffs had reached a settlement agreement with one of multiple defendants, but erroneously filed a motion to dismiss the entire suit rather than just the claims against the defendants with whom the settlement was reached. *Id.* at 634–35. Counsel did not include the settlement agreement as an attachment to the agreed order, and a visiting judge signed the order presented. *Id.* at 635. The presiding judge of the court later granted judgment nunc pro tunc amending the prior order to dismiss only those claims against the defendant that had settled. *Id.* This Court then conditionally granted a petition for writ of mandamus on the grounds that the dismissal of the entire suit was a judicial error not subject to correction through a judgment nunc pro tunc. *Id.* at 634, 638. Citing with approval the analogous case of *Nat'l Unity Ins. Co. v. Johnson*, 926 S.W.2d 818 (Tex. App—San Antonio 1996, orig. proceeding), this Court reasoned:

> [T]he parties simply presented the judgment of dismissal to the visiting judge and she signed it without any type of hearing or discussion. Clearly, the only judgment rendered was the one signed by the visiting judge. . . . When there is no difference between the judgment as rendered and a judgment as entered, any error in the judgment is judicial error. And, in such a case, the court may not change the judgment after its plenary jurisdiction has expired.

*Rollins Leasing*, 987 S.W.2d at 637.

Dismissal of Gulf Coast's case may not have been what was intended by the parties, but "[e]rrors in judgments are not ipso facto clerical errors merely because

they are the result of an inadvertent error." *Rawlins*, 324 S.W.3d at 855; *accord In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) (per curiam) (orig. proceeding) ("Even if dismissal was inadvertent . . . , it was nonetheless unequivocal, and therefore effective."). This is true even if the outcome of the error is "a repugnant result." *Rawlins*, 324 S.W.3d at 857. The trial court's error in dismissing Gulf Coast's case occurred because the motion to dismiss and corresponding order prepared by Attorney Randle and presented to the trial court unquestionably concerned dismissal of Gulf Coast's case, rather than Reuben's case. "[A] drafting error by a party's attorney does not constitute 'clerical error.'" *In re Fuselier*, 56 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "[P]rovisions alleged to have been inserted by mistake of the attorney nevertheless become a part of the court's judgment and therefore are judicial errors when thus rendered in writing by the court." *Daredia*, 317 S.W.3d at 249 (quoting *Dikeman v. Snell*, 490 S.W.2d 183, 185–86 (Tex. 1973) (orig. proceeding)) (alteration in original).

The trial court made it abundantly clear during the hearing on Trustee's motion for judgment nunc pro tunc that it would not have granted the motion to dismiss had it been presented with the correct facts at the time. The relevant inquiry, however, is not what the trial court intended to render or should have rendered, but it what it actually rendered. *Escobar*, 711 S.W.2d at 231; *Rollins Leasing*, 987 S.W.2d at 637. At the hearing on Trustee's motion, the trial judge made a statement that he may have "signed something different from what I rendered in my mind." This comment does not affect the outcome here. A judgment is not rendered until publicly announced or memorialized in a written

document filed with the clerk. *Garza*, 89 S.W.3d at 6. The only judgment rendered with respect to Gulf Coast's case was the October 21, 2010 written order dismissing Gulf Coast's claims. And with respect to that rendering, the trial court stated: "I signed the judgment I intended to. It says exactly what I intended it to, but I did not appreciate the facts." That rendering, although based on mistaken facts, cannot be corrected through judgment nunc pro tunc. *See Universal Underwriters Ins. Co. v. Ferguson*, 471 S.W.2d 28, 30 (Tex. 1971) (orig. proceeding) ("Dismissal of the case was a mistake in the sense that it would not have been dismissed if the court had known the true facts, but rendition of the judgment of dismissal was nevertheless a judicial act that is not subject to correction by nunc pro tunc order . . . .").

Therefore, the trial court's dismissal of Gulf Coast's case was a judicial error, and, consequently, not subject to correction by judgment nunc pro tunc. By withdrawing its dismissal of Gulf Coast's case, the trial court's judgment nunc pro tunc was an action to correct a judicial error after the expiration of the trial court's plenary power to do so. "A judgment rendered to correct a judicial error after plenary power has expired is void." *Rawlins*, 324 S.W.3d at 855. Accordingly, the judgment nunc pro tunc is void, and mandamus relief is appropriate. *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (per curiam) (orig. proceeding); *Rollins Leasing*, 987 S.W.2d at 635.

We recognize that Trustee asserts the trial court's October 21, 2010 order dismissing Gulf Coast's case was itself void on the grounds that it was in violation of the automatic stay resulting from the federal bankruptcy proceedings. We express no opinion on that issue at this time. Relator's petition for writ of

11

mandamus sought relief from the trial court's judgment nunc pro tunc withdrawing its dismissal of Gulf Coast's case, and that judgment nunc pro tunc is the only matter properly before us in this proceeding. To the extent Trustee desires to seek relief from the reinstatement of the October 21, 2010 order dismissing Gulf Coast's case, Trustee will need to pursue such relief through means other than a judgment nunc pro tunc.

## CONCLUSION

For the foregoing reasons, we conditionally grant relator's petition for writ of mandamus, and direct the trial court to vacate its judgment nunc pro tunc withdrawing the dismissal of Gulf Coast's case. We are confident that respondent will act in accordance with this opinion. The writ will issue only if the trial court fails to do so.

PER CURIAM

Panel Consists of Justices Christopher, Donovan, and Brown.

12