

# NUMBER 13-14-00416-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LINDA MOLINA,                                                              Appellant,

v.

LEONEL MORENO, DELIA MORENO,
AND ROCASS HOMES, L.L.C.                                           Appellees.

## On appeal from the County Court at Law No. 7
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Garza**

Appellant, Linda Molina, attempted to perfect an appeal from a judgment entered by the County Court at Law No. 7 of Hidalgo County, Texas, in trial court cause number CL-08-1473-G. We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

Appellant brought suit against Leonel Moreno, Delia Moreno, and Rocass Homes, L.L.C., alleging that they breached a contract to pay her a commission for her sale of a residence and associated property. On January 28, 2014, the trial court granted summary judgment in favor of appellant and awarded her $20,500.00 in damages for breach of contract, prejudgment and postjudgment interest, and costs of court. On May 14, 2014, appellees filed a "Motion to Extend Effective Date of Judgment, Motion for New Trial, or Alternatively, Bill of Review." Appellees alleged that they did not receive notice that judgment had been rendered against them until April 30, 2014. On June 3, 2014, the trial court rendered an order granting the motion for new trial, and alternatively, granting the bill of review:

> On June 2, 2014, the court heard the Defendants' Motion to Extend Effective Date of Judgment, Motion for New Trial, or Alternatively, Bill of Review.
>
> The parties appeared through their respective attorneys of record and announced ready. After receiving the evidence and argument of counsel, the Court issues the following Order.
>
> The Court finds that Texas Rule of Civil Procedure, Rule 306(a)(4) is applicable and that the Defendants did not receive notice of the judgment within 30 days of the entry of said judgment. Therefore the Court finds that the . . . Motion for New Trial is timely filed.
>
> Upon consideration of the Motion for New Trial, the Court finds that said motion has merit and hereby GRANTS the Motion for New Trial. It is therefore [o]rdered that the Judgment entitled "Order Granting Motion for Summary Judgment" which was signed on January 28, 2014, is hereby set aside.

2

Alternatively and without setting aside or impacting the GRANTING of the Motion for New Trial, the Court finds that the Bill of Review has merit. The Court alternatively GRANTS the Bill of Review without affecting or impacting the GRANTING of the Motion for New Trial.

On June 18, 2014, appellant filed a notice of appeal regarding the foregoing order. In her notice of appeal, appellant alleged that: (1) appellees' motion for new trial was untimely because more than thirty days had elapsed from the date judgment was rendered before appellees filed the motion for new trial; (2) the bill of review was filed improperly; and (3) Rule 306a(4) of the Texas Rules of Civil Procedure was inapplicable and could not be used to extend the appellate timelines. *See* TEX. R. CIV. P. 306a(4). Appellees have now filed a motion seeking to dismiss this appeal on grounds there is no final judgment subject to appeal. Appellant has filed a response to the motion to dismiss in which she urges that the trial court's judgment of January 28, 2014 was final and that the trial court had lost jurisdiction to further hear the case.

## II. LAW AND ANALYSIS

A trial court retains plenary jurisdiction for a minimum of thirty days after signing a final judgment. TEX. R. CIV. P. 329b(d)-(f); *see Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). During this period of time, the trial court's plenary jurisdiction may be extended by the timely filing of an appropriate post-judgment motion, such as a motion for new trial or a motion to modify, correct, or reform the judgment. *See* TEX. R. CIV. P. 329b(e),(g); *Lane Bank Equip. Co.*, 10 S.W.3d at 310. In any event, the court's plenary power may not be extended more than 105 days after the judgment was signed. *Lane Bank Equip. Co.*, 10 S.W.3d at 310. Outside its plenary power, the actions that a trial court may take with respect to its judgment are limited. *Custom Corporates,*

3

*Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (combined app. & orig. proceeding); *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). A judgment or order rendered after plenary power has expired is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) (orig. proceeding); *Rawlins v. Rawlins*, 324 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

The clerk of the trial court is directed to send notice to all parties or their attorneys of record advising them that a judgment was signed. *See* TEX. R. CIV. P. 306a(3). However, if an adversely affected party does not receive notice from the clerk or acquire actual knowledge of the judgment, the time period to file a postjudgment motion under Rule 329b begins on the date the party receives notice or acquires actual knowledge of the judgment. *See id.* R. 306a(4). To establish the exception, the party must prove in the trial court, on sworn motion and notice: (1) the date the party received notice or actual knowledge of the signing; and (2) that this date was more than twenty but less than ninety-one days after the judgment was signed. *See id.* R. 306a(5); TEX. R. APP. P. 4.2(a)(1); *Estate of Howley v. Haberman*, 878 S.W.2d 139, 140 (Tex. 1994); *In re J.S.*, 392 S.W.3d 334, 337 (Tex. App.—El Paso 2013, no pet.); *Nathan A. Watson Co. v. Employers Mut. Cas. Co.*, 218 S.W.3d 797, 800 (Tex. App.—Fort Worth 2007, no pet.). The purpose of a sworn motion is to establish a prima facie case that the party lacked timely notice in order to reinvoke a trial court's jurisdiction for the limited purpose of conducting an evidentiary hearing to determine the date on which the party or its counsel first received

4

notice or acquired knowledge of the judgment. *In re J.S.*, 392 S.W.3d at 337; *Nathan A. Watson Co.*, 218 S.W.3d at 800–01; *Carrera v. Marsh*, 847 S.W.2d 337, 342 (Tex. App.—El Paso 1993, no writ). Compliance with the provisions of Rule 306a(5) is a jurisdictional prerequisite to extending the time to file post-judgment motions. *Mem'l Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987); *In re J.S.*, 392 S.W.3d at 337; *Carrera*, 847 S.W.2d at 342. Rule 306a expressly provides that "in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." TEX. R. CIV. P. 306a(4). Thus, a party who does not have actual knowledge of an order within 90 days of the date it is signed cannot move for reinstatement of the underlying case. *Estate of Howley*, 878 S.W.2d at 140.

Appellees contended that they did not receive notice of the summary judgment until April 30, 2014. The judgment was signed on January 28, 2014, and 90 days from that date is April 28, 2014. Because appellees did not learn of the order within the ninety days prescribed by Rule 306a, Rule 306a could not apply to extend the trial court's plenary jurisdiction. *See id.* Accordingly, the trial court lacked jurisdiction to grant the new trial. *See id.* Thus, the order granting summary judgment was final and appellees' only recourse was a bill of review. *See id.*; *see also Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993); *Jon v. Stanley*, 150 S.W.3d 244, 248 (Tex. App.—Texarkana 2004, no pet.).

We next examine the trial court's order insofar as it alternatively grants appellees' bill of review. After the trial court's plenary jurisdiction has expired, it cannot set aside a judgment except by timely-filed bill of review for sufficient cause. TEX. R. CIV. P. 329b(f); *In re Parker*, 117 S.W.3d 484, 486–87 (Tex. App.—Texarkana 2003, orig. proceeding).

To be entitled to relief on a bill of review, the bill of review plaintiff must plead and prove: (1) a meritorious defense; (2) that he or she was prevented from making "due to fraud, accident, or wrongful act" of his opponent; and (3) that the failure to appear was "unmixed with any fault or negligence" of his or her own. *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006) (per curiam). While it is true that a party that is not served with process is entitled to a bill of review without further showing, a bill of review is a separate proceeding from the underlying suit that must be pled by the bill of review movant. *See id.* A bill of review which sets aside a prior judgment, but does not dispose of all the issues of the case on the merits, is interlocutory in nature and is not a final judgment appealable to the court of appeals or the supreme court. *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (per curiam); *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam).

The order subject to appeal in this case is of precisely the same nature as the one addressed by the Texas Supreme Court in *Tesoro*. *See Tesoro Petroleum*, 796 S.W.2d at 705. In *Tesoro*, the supreme court held that an order granting a bill of review, setting aside a summary judgment, and ordering a trial on the merits was interlocutory in nature. *See id.* In this case, the trial court's order grants the bill of review, orders a new trial, orders the parties to mediation, and sets a status hearing. Therefore, the order does not dispose of all issues in the case, is interlocutory in nature, and is not a final, appealable judgment. *See id.* Consequently, we lack jurisdiction over this appeal.

## III. CONCLUSION

The Court, having examined and fully considered the motion to dismiss, the response, and the documents on file in this appeal, is of the opinion that the motion to

6

dismiss should be granted. The appellees' motion to dismiss for lack of jurisdiction is GRANTED. The appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a). All other pending motions are likewise DISMISSED.

                                               DORI CONTRERAS GARZA,
                                               Justice

Delivered and filed the
20th day of November, 2014