**Alfred NYMAN, Appellant,**

v.

**Jesse SCHNITZER, Appellee.**

No. 4058.

Court of Civil Appeals of Texas.

Eastland.

June 17, 1966.

Rehearing Denied July 22, 1966.

Marvin Teague, Houston, for appellant.

Douglas J. Wadsworth, Houston, for appellee.

WALTER, Justice.

Jesse Schnitzer filed suit against Alfred Nyman on a judgment obtained by him against Nyman in the State of New York. The court granted plaintiff's motion for summary judgment and the defendant has appealed contending the court erred in granting such judgment. The case was tried on an agreed statement of facts as follows:

"Jesse Schnitzer, Plaintiff herein, is a duly licensed, practicing dentist of the State of New York, with offices at 33 West 42nd Street, New York City, New York. Alfred Nyman, Defendant herein, is at the present time a resident of the State of Texas. Prior to the time Defendant became a resident of Texas, he was a resident of the State of New Jersey. During such time as Defendant was domiciled in New Jersey, Plaintiff performed certain dental services for Defendant and members of his family, at Defendant's request. Said dental services were performed in Plaintiff's office in the City of New York. Upon the subsequent failure or refusal of

Defendant to pay for such dental services, Plaintiff on October 9, 1964, filed suit to recover the amount due, which said action was styled Jesse Schnitzer vs. Alfred Nyman, No. 166,724–64, in the Civil Court of the City of New York, County of New York, State of New York. Defendant was subsequently personally served with citation of the pending New York cause in Houston, Texas, on October 14, 1964, by Harris County, Texas, Deputy Sheriff, J. W. Fry. Defendant filed no answer in the pending New York cause and on February 5, 1965, Judgment was rendered therein for the Plaintiff by the Civil Court of the City of New York in the amount of $536.85. The action before this Court today, cause No. 134,117, Jesse Schnitzer v. Alfred Nyman, County Civil Court at Law Number One, Harris County, Texas, is a suit on the aforesaid unsatisfied Judgment of the Civil Court of the City of New York."

"The plaintiff herein, Jesse Schnitzer, is the present owner of an unsatisfied Judgment of the State of New York, styled Jesse Schnitzer vs. Alfred Nyman, No. 166,734–64, rendered February 5, 1965, by the Civil Court of the City of New York. Said unsatisfied Judgment is in the amount of $536.85, and is the basis of this cause now pending in the County Civil Court at Law Number One of Harris County, Texas.

"The laws of New York previously cited by Plaintiff in his Brief in Support of his Motion for Summary Judgment, said laws being McKinney Const. Art. 6, Section 15; New York City Civil Court Act, Section 404; CPLR Section 302; and CPLR Section 313, are laws relating to jurisdiction and judgments rendered in the State of New York. Said laws were effective at all times pertinent to the rendition of the New York Judgment, are in existence at the present time, and have not been repealed. Photocopies of said laws of the State of New York are attached to this First Supplemental Stipulated Fact Agreement as Exhibit 'A' ".

The applicable portions of such laws are as follows:

"§ 404. Summons; personal jurisdiction by acts of non-residents

(a) Acts which are the basis of jurisdiction. The court may exercise personal jurisdiction over any non-resident of the city of New York, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state and a resident of the city of New York if, in person or through an agent, he:

1. transacts any business within the city of New York; * * *."

"§ 302. Personal jurisdiction by acts of non-domiciliaries

(a). Acts which are the basis of jurisdiction. A court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state, if, in person or through an agent, he:

1. Transacts any business within the state * * *."

"§ 313. Service without the state giving personal jurisdiction

A person domiciled in the state or subject to the jurisdiction of the courts of the state under section 301 or 302, or his executor or administrator, may be served with the summons without the state, in the same manner as service is made within the state, by any person authorized to make service within the state who is a resident of the state or by any person authorized to make service by the laws of the state, territory, possession or country in which service is made or by any duly qualified attorney, solicitor, barrister, or equivalent in such jurisdiction."

This case was submitted to the court on an agreed statement of facts. Rule 263, T.R.C.P. provides that such an agreed statement and the judgment shall constitute the record. The findings of fact have no place in the record on appeal. Also in Rolfe v. Swearingen, 241 S.W.2d 236 (Tex.Civ.App.1951, writ ref. n. r. e.), after holding that the court did not err in refusing to make and file findings of fact and conclusions in a summary judgment case, at page 241 the court said:

"And as stated in Barron & Holtzoff on Federal Practice and Procedure, pp. 121–2: 'Logically, findings of fact should not be made in disposing of motions for summary judgment. Findings are appropriate only in deciding issues of fact. In granting a motion for summary judgment, however, the court merely rules that there are no material issues of fact; in denying such a motion, the court holds that there are material issues of fact to be tried, but does not decide them.' "

Appellant's single point is:

"The trial court erred in sustaining appellee's motion for summary judgment and overruling appellant's motion for summary judgment in that the judgment rendered thereon was contrary to law."

In McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 2d 223 (1957), the Supreme Court of the United States said:

"Since Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, this Court has held that the Due Process Clause of the Fourteenth Amendment places some limit on the power of state courts to enter binding judgments against persons not served with process within their boundaries. But just where this line of limitation falls has been the subject of prolific controversy, particularly with respect to foreign corporations.

In a continuing process of evolution this Court accepted and then abandoned 'consent,' 'doing business,' and 'presence' as

the standard for measuring the extent of state judicial power over such corporations. See Henderson, The Position of Foreign Corporations in American Constitutional Law, c. V. More recently in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 [161 A.L.R. 1057], the Court decided that 'due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' Id., 326 U.S. at 316, 66 S.Ct. at 158."

Did the appellant have the required minimum contacts with the State of New York? We hold that the agreed statement of facts establishes that he did as a matter of law. O'Brien v. Lanpar Company, 399 S.W.2d 340 (Tex. 1966), supports our holding.

The judgment is affirmed.