Jeanetta Bernice MIZELL, Appellant,

v.

Terry Edward MIZELL, Appellee.

No. 18573.

Court of Appeals of Texas, Fort Worth.

Nov. 18, 1981.

Kelsey, Wood, Gregory, Duncan & Holt, Ronnie Phillips, Denton, for appellant.

Freddie Dean Marsh, Denton, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

Jeanetta Bernice Mizell has appealed the nunc pro tunc judgment rendered by the trial court in her suit for divorce, child custody, and property division against Terry Edward Mizell.

We affirm.

Mrs. Mizell is complaining of that part of the nunc pro tunc judgment that sets aside the home of the parties as the separate property of her husband.

The original judgment was signed on the 18th day of January, 1978. It recited in regards to the home:

"It is further ordered, that the house situated at 1113 Springwood, Lewisville, Texas, is hereby awarded to cross-petitioner for the use and benefit of himself and his children."

The complained of part of the nunc pro tunc judgment (the two judgments are the same otherwise) recites:

"IT IS FURTHER ORDERED, that the house situated at 1113 Springwood, Lewisville, Texas, more particularly described as follows:

"Being Lot 4 in Block F of WESTWOOD ESTATES, NO. 2, an addition to the city of Lewisville, Texas, according to the Plat thereof recorded in Volume 6, page 27 of the Plat Records of Denton County, Texas.

"is hereby set aside to Cross-Petitioner, TERRY EDWARD MIZELL, as his sole and separate property."

The last judgment was signed on February 18, 1981.

Before the nunc pro tunc procedure was instituted, Mizell filed a motion to compel appellant (to sign deed). Mrs. Mizell refused to sign and filed a response. The motion and response were heard on January 29, 1981 with Mrs. Mizell prevailing.

Also we have before us a stipulation of evidence with an attached thereto exhibit "A". "A" is the court reporter's transcription of what the trial judge said from the bench when he announced his decision:

"I am going to set the the (sic) house aside to Mr. Mizell as his separate property since there is very little equity in the house to amount to anything, but I will set that aside to him since he has the main custody of the children; set the Ford station wagon aside to him and the personal property that he now has; set aside the Ranchero to Mrs. Mizell. I am going to set aside both motorcycles and the Dodge to Mr. Mizell providing that he pay Mrs. Mizell $400.00 within the next three months. If he does not pay her the

$400.00 within the next three months, then he is to deliver the Suzuki motorcycle to her, *now*, with the title all—transfer whatever—sign whatever transfer is necessary to her if he doesn't pay the $400.00 within the next three months. I am not going to set any child-support because I am setting the house aside to Mr. Mizell, who indicates he has income at this time which will provide for the children. Mrs. Mizell has had some job changes and is working with the YWCA now. I would assume her income would be needed to support herself, and give what support she does for the children during the time that she has custody of them. Of course, if there is any material change in the future, why, that child support would be open for reconsideration if it appeared that she needs to make child support through the Court. Anything else in the matter?"

The nunc pro tunc judgment adds a "lot and block" description of "the house at 1113 Springwood, Lewisville, Texas," and uses the phrase "set aside to" "instead of awarded to" the cross-petitioner. Also added after "Cross-petitioner" is "Terry Edward Mizell, as his sole and separate property."

Point of error number one asserts trial court's error in entering a nunc pro tunc judgment when it lacked jurisdiction so to do. The principal ground urged by Mrs. Mizell is that nunc pro tunc lies only to correct clerical errors (instead of judicial errors) and that the additions and changes above listed are not clerical.

Justice Brewster wrote a scholarly dissertation on the clerical error aspect of nunc pro tunc in *Shepherd v. Estate of Long*, 480 S.W.2d 51, 54 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n. r. e.).

"One controlling question in this case is whether the claimed error sought to be corrected by the nunc pro tunc decree was a clerical error or a judicial one. The cases are clear that this question is a law question. See *Finlay v. Jones*, supra.

"On this see *Coleman v. Zapp*, supra, 151 S.W. at page 1041, wherein the court said: 'The inquiry . . . is not what judgment might or ought to have been rendered, but only what judgment was rendered; and such is the sole issue to be determined.'

"If a court actually renders a judgment that for some reason is wrong and should not have been rendered, then that error, under the holdings of the above cited cases, is a judicial one and the court is powerless, after the judgment becomes final, to correct it by a nunc pro tunc decree.

"But if the judgment that the court actually renders *at the time he renders judgment in the case* is incorrectly recorded, such error is a clerical error, and the court has the power to correct his original decree, even after it has become final, by a nunc pro tunc decree in order to make the court records correctly show the judgment that was actually rendered.

"Since the court's action in signing and thereby making effective as the judgment in the case the November 30, 1970, decree *was itself the act of* rendering the judgment therein contained, no valid argument can be advanced to the effect that the *court did not in fact render a* money judgment for the plaintiffs and against Harold K. Long, individually and as the sole surving heir of Addie Mae Long, deceased." (Emphasis added.)

In *Shepherd, supra*, the trial court's *rendition of judgment was the stroke of his* pen—no other pronouncement was made, verbal or written. The stipulated testimony and evidence in the present case clearly reveals that the trial judge orally rendered the judgment at the close of the trial and later signed the 1978 written judgment which was supposed to have reflected that rendition. The oral rendition recited awarding the house to Mr. Mizell "as his separate property." The 1978 written judgment "awarded" without such recitation. We hold this to be a clerical error and overrule point of error no. one.

By points of error numbers two and three Mrs. Mizell avers that there was no evidence and insufficient evidence of a mistake, either judicial or clerical, upon which

the judgment nunc pro tunc could be founded. We overrule both points. There was an obvious omission from the 1978 judgment of a metes and bounds description of (stipulation) "the only house owned by the parties." Also omitted was the phrase "set the house aside to Mr. Mizell as his separate property" as uttered by Judge Scofield in his oral rendition omitted in the written 1978 judgment. There is no question of fact here that was not covered by the stipulation and exhibit "A". *Nyman v. Schnitzer*, 405 S.W.2d 120 (Tex.Civ.App.—Eastland 1966, writ dism'd). The judge's intent was clear. It is also clear that a mistake of omission was corrected by the nunc pro tunc judgment.

For the reasons stated in *Nyman, supra,* we overrule point of error number four complaining of trial court not filing findings of fact and conclusions of law.

We also overrule point of error number five which states that, as a matter of law, the 1981 judgment fails to constitute a judgment nunc pro tunc. Mrs. Mizell cites *Quintanilla v. Seagraves Ford, Inc.*, 522 S.W.2d 274 (Tex.Civ.App.—Corpus Christi 1975, no writ) in support of her contention. There the December 2, 1974 (the purported nunc pro tunc) order "left unchanged the judgment that was rendered on October 4, 1974." That cannot be said of this Mizell case because here the metes and bounds description was added and "as his sole and separate property" was added. Although it would have been better form for the nunc pro tunc judgment to have recited its necessity and the "this for that" feature, we hold it to be sufficient. It is plainly labeled "Nunc Pro Tunc Judgment." Coupling the label with a comparison of the two judgments, one cannot say that here that the 1981 judgment left the 1978 judgment unchanged. Rather the 1981 judgment added two of the dimensions left out of the 1978 judgment: "metes and bounds" and "his sole and separate property."

We affirm.