## IN the INTEREST OF A.M.C. and T.R.C., Children

### NO. 14–15–00060–CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 24, 2016

Daniel Jake Lemkuil, Houston, TX, for appellant.

Amanda Tucker, Matthew Alexader Knox, Houston, TX, for appellee.

## OPINION

Martha Hill Jamison, Justice

In her sole issue on appeal, Stacie Lynn Depeau challenges the trial court's rendition of judgment nunc pro tunc to correct an enforcement order. We affirm.

### Background

Depeau and Jon Scott Colen were divorced pursuant to a final divorce decree in 2013 and named joint managing conservators for their two children. In 2014,

Colen filed a motion for enforcement of possession of and access to the children, alleging violations of the divorce decree by Depeau. The trial court found Depeau in contempt for violating the divorce decree and sentenced her to a 180–day jail sentence, with 165 days probated pursuant to a contempt and commitment order.[1]

Depeau filed a writ of habeas corpus in this court while she was serving her 15–day sentence. *See In re Depeau*, No. 14–14–00693–CV, 2014 WL 4952427, at *1 (Tex.App.–Houston [14th Dist.] Oct. 2, 2014, orig. proceeding). She was no longer incarcerated when we issued our opinion, and we construed her habeas petition as a mandamus petition and addressed her challenges to the contempt order. *Id.* at *1–2. We concluded that a number of the trial court's contempt findings, but not all, were void and directed the trial court to strike those findings. *Id.* at *14.

At issue in this appeal is whether the trial court had jurisdiction to sign an order including conditions imposed on Depeau's probation that were "cut off" when the original order was scanned into the court's electronic filing system. During the commitment hearing, the trial court signed an enforcement order that subsequently was scanned into the court's electronic database with the following handwritten language: "8. Suspension of Remaining Unserved Portion of Sentence[:] The unserved 165 days of the 180 day sentence pronounced by this court is probated for 5 years under the following conditions[.]"[2]

---

1. A commitment order is the warrant, process, or order by which a court directs a ministerial officer to take custody of a person. *In re Hall*, 433 S.W.3d 203, 209 (Tex.App.–Houston [14th Dist.] 2014, orig. proceeding).

2. Citing the record of the commitment hearing, Colen asserts that the parties discussed these conditions at the hearing. The record of that hearing is not part of our record on appeal. However, in our previous opinion, we acknowledged that this language was in the enforcement order. *See In re Depeau*, 2014 WL 4952427, at *2 (discussing conditions of probation).

The remaining handwritten language setting forth the conditions of probation had not been scanned completely into the electronic record, which is obvious from the order in the trial court's electronic record and our record on appeal, as reflected below:

attorney's fees, expenses, and costs incurred by Jon Scott Colen, with interest at 5 percent per year from the date the judgment is signed until paid. The judgment, for which let execution issue, is awarded against STACIE LYNN DEPEAU, and STACIE LYNN DEPEAU is ORDERED to pay the fees, expenses, costs, and interest, by cash, cashier's check, or money order, to JON COLEN c/o Laura Dale & Associates, P.C., 1800 St. James Place, Suite 620, Houston, Texas 77056 on or before September 22, 1014.

8. Suspension of Remaining Unserved Portion of Sentence

Enforcement Order                                                           Page 13

THE UNSERVED 165 DAYS OF THE SENTENCE PRONOUNCED BY THIS COURT IS PROBATED, UNDER THE FOLLOWING CONDITIONS :

1. STACIE LYNN DEPAU FOR 5 YEARS

*(margin notation: OF AS MODIFIED BY CALIFORNIA ORDER)*

Colen's counsel filed a motion for judgment nunc pro tunc asking the trial court to correct the enforcement order to include the following omitted language regarding Depeau's conditions of probation: "1. Stacie Lynn Depeau complies with the [divorce decree], or as modified by a California court; and 2. Stacie Lynn Depeau complies with and appears at all compliance hearings."[3] . Colen's counsel told the trial court at the hearing on the motion that she previously had filed the order including the handwritten conditions of probation but did not keep a copy. She said that Depeau's counsel later emailed her a copy that included the omitted language and presented that email at the hearing, but it is not in the appellate record.

The trial court held two hearings on the motion for judgment nunc pro tunc. At the first hearing, the trial court indicated that the court clerk would have to find the original order that had been scanned. At the second hearing, the trial court questioned the court clerk and determined that she had not found the original order. The following colloquy ensued:

[Colen's counsel:] [I]f you look at the transcript from [the compliance] hearing, you actually asked [Depeau's attorney] if he's had an opportunity to review the order. He says he has. I don't think ... they would have agreed to submit an order that's having cutoff [sic] language....

THE COURT: I don't think he did. I think the order that this was written on had it all written on there. The great question is where is that one?

The trial judge ultimately determined that there had been a clerical error and signed a "Nunc Pro Tunc Enforcement Order," which includes the omitted conditions of probation. He later rendered a reformed order in compliance with this court's mandamus opinion referenced above that included the omitted conditions of probation.

---

**3.** Depeau lives in California with the children.

### Discussion

In her sole issue, Depeau argues the trial court erroneously rendered judgment nunc pro tunc that included conditions of probation that she asserts were not in the original enforcement order. A trial court "has plenary power to ... vacate, modify, correct, or reform [its] judgment within thirty days after the judgment is signed."[4] Tex. R. Civ. P. 329b(d); *Morris v. O'Neal*, 464 S.W.3d 801, 807 (Tex.App.–Houston [14th Dist.] 2015, no pet.). "On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause...." Tex. R. Civ. P. 329b(f); *Morris*, 464 S.W.3d at 807. However, a trial court "may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc" to correct a clerical mistake under Rule 316. Tex. R. Civ. P. 329b(f); *see also* Tex. R. Civ. P. 316 ("Clerical mistakes in the record of any judgment may be corrected by the judge...."); *Morris*, 464 S.W.3d at 807–08.

As an initial matter, we must address whether the trial court's plenary power had expired when it signed its new enforcement order, an issue not addressed by the parties. The trial court has express statutory continuing jurisdiction to enforce its own prior orders. *Brejon v. Johnson*, 314 S.W.3d 26, 33–34 (Tex.App.–Houston [1st Dist.] 2009, no pet.) (citing Tex. Fam. Code § 157.001(a)). However, Rule 329b limits the trial court's plenary power to *modify* an enforcement order to thirty days after it is signed. *See In re A.S.G.*, 345 S.W.3d 443, 448 (Tex.App.–San Antonio 2011, orig. proceeding) (citing Tex. R. Civ. P. 329b(d) and concluding it is applicable to enforcement orders). The trial court signed the original enforcement order on August 22, 2014. Thus, the trial court's plenary power expired thirty days later. But the trial court signed the new enforcement order on December 11, 2014 and the reformed enforcement order on December 18, 2014, which is after its plenary power had expired. *See id.; see also In re C.N.*, 313 S.W.3d 490, 492–93 (Tex. App.–Dallas 2010, orig. proceeding) (holding new order modifying enforcement order was signed after trial court's plenary power expired and was, therefore, void).

We next determine whether the trial court's new enforcement order corrected a judicial or clerical error. While a trial court may issue a judgment nunc pro tunc following the expiration of its plenary power to correct a clerical error made in entering a final judgment, a trial court may not do so to correct a judicial error made in rendering a final judgment.[5] *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex.1986); *Morris*, 464 S.W.3d at 808. A clerical error is a mistake or omission that prevents the judgment as entered from reflecting the judgment as rendered. *Operation Rescue–Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 937 S.W.2d 60, 86 (Tex.App.–Houston [14th

---

4. Certain post-judgment motions, not applicable here, if filed within this initial thirty day period, extend the trial court's plenary jurisdiction over its judgment for up to an additional seventy-five days. *Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex.App.–Houston [14th Dist.] 2006, orig. proceeding); *see also* Tex. R. Civ. P. 329 b(c), (e), (g).

5. A judgment rendered to correct a judicial error after plenary power has expired is void. *Morris*, 464 S.W.3d at 808. While it is unnecessary to appeal from a void judgment, an appeal may be taken, and the appellate court in such a proceeding may declare the judgment void. *Id.* (citing Tex. R. Civ. P. 329 b(f) ("[T]he court may at any time ... sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired.")).

Dist.] 1996), *aff'd as modified,* 975 S.W.2d 546 (Tex.1998).

When deciding whether a correction is of a judicial or a clerical error, we look to the judgment actually rendered, not the judgment that should or might have been rendered. *See Escobar,* 711 S.W.2d at 231. The trial court can only correct the entry of a final written judgment that incorrectly states the judgment actually rendered.[6] *See id.* at 231–32. In this connection, a clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the court and does not arise from judicial reasoning or determination. *Rawlins v. Rawlins,* 324 S.W.3d 852, 855 (Tex.App.–Houston [14th Dist.] 2010, orig. proceeding).

Whether an error in a judgment is judicial or clerical is a question of law we review de novo. *See Escobar,* 711 S.W.2d at 232. However, a trial court must make a factual determination regarding whether it previously rendered judgment and the judgment's contents before it may decide the nature of the error. *Id.* We may review only a trial court's factual determination on whether a judgment has been rendered and its contents for legal and factual sufficiency of the evidence. *See id.* We must defer to the trial court's fact-finding if "some probative evidence"

supports it.[7] *See id.* Evidence may be in the form of oral testimony of witnesses, written documents, the court's docket, and the judge's personal recollection. *Rawlins,* 324 S.W.3d at 855. If the same trial judge who renders the judgment grants the nunc pro tunc motion, we presume that the judge's personal recollection supports the finding of clerical error. *Id.*

The trial court held two hearings on the motion for judgment nunc pro tunc, heard evidence from the court clerk regarding the whereabouts of the original enforcement order, and concluded that it apparently had been misplaced by someone in the clerk's office or otherwise was unavailable.[8] Colen's counsel stated that she added the handwritten language on the draft order at the commitment hearing, it was signed by the trial court, and Colen walked it over to the clerk's office and filed it. Colen's counsel kept only one copy but then gave her copy to Depeau's counsel. Colen's counsel subsequently emailed Depeau's counsel and asked for a copy. The copy that was emailed from Depeau's counsel apparently contained the omitted handwritten language. Colen's attorney presented that email at the hearing on the motion for judgment nunc pro tunc, but it is not part of the record on appeal.

The only "copy" of the original enforcement order in the record is the one that

6. Thus, even if the trial court renders incorrectly, it cannot alter a written judgment that precisely reflects the incorrect rendition. *Escobar,* 711 S.W.2d at 232.

7. We have stated previously that a judgment nunc pro tunc should be granted only if the evidence is *clear and convincing* that a clerical error was made. *Rawlins,* 324 S.W.3d at 855. That is an incorrect articulation of the standard set forth in *Escobar.* The "clear and convincing standard" can be traced back to a 1951 San Antonio Court of Appeals case that was decided long before *Escobar. Compare Stauss v. Stauss,* 244 S.W.2d 518, 519 (Tex.

Civ.App.–San Antonio 1951, orig. proceeding) (stating trial court, which did not render judgment, should only change judgment "if the evidence is clear, satisfactory and convincing" of previous rendition of judgment and its contents), *with Escobar,* 711 S.W.2d at 232 (articulating standard based on "some probative evidence").

8. The clerk initially provided an enforcement order that purportedly was the original, but it did not include any handwritten language. After reviewing that order and the other evidence, the trial court concluded it was not the original enforcement order.

was scanned into the trial court's electronic filing system. It is clear from the record that the handwritten language was not scanned completely into the electronic record. The trial court concluded, "I think the order that this was written on had it all written on there." The trial court included the omitted language in the Nunc Pro Tunc Enforcement Order. We conclude that the trial court's factual determination that its rendition of the original enforcement order included the omitted handwritten language was supported by some probative evidence, particularly given the presumption in favor of the trial court's recollection.[9] *See Escobar,* 711 S.W.2d at 232; *see also Rawlins,* 324 S.W.3d at 855.

■ We further conclude that the omission of the language from the scanned document was a clerical and not judicial error. This error was a failure of the scanner to pick up the entire page of the enforcement order, as reflected on the order in the electronic record. This is precisely the type of clerical error that is envisioned by Rule 329b. *See SLT Dealer Group, Ltd. v. AmeriCredit Fin. Servs., Inc.,* 336 S.W.3d 822, 832–33 (Tex.App.–Houston [1st Dist.] 2011, no pet.) (affirming judgment nunc pro tunc to correct obvious typo omitting a zero from an attorney's fee award).

Because the original enforcement order was not completely scanned into the electronic record, the enforcement order in the record did not reflect the judgment rendered. Accordingly, the trial court did not err in granting Colen's motion for judgment nunc pro tunc. *See id.* We overrule Depeau's only issue on appeal.

We affirm the judgment of the trial court.

**9.** Depeau argues that that we should not apply the presumption that the trial court relied on its recollection of the case because the trial court did not state that it was relying on its personal recollection to determine that an error existed and "the trial court did not specifically recollect what had happened and was instead concerned with what he had signed." *See Claxton v. (Upper) Lake Fork Water Control & Imp. Dist. No. 1,* 220 S.W.3d 537, 545 (Tex.App.–Texarkana 2006, pet. denied), (op. on reh'g) ("Even though it is presumed that the trial judge's personal recollection supports the finding of a clerical error, the record from the hearing on the motion for judgment nunc pro tunc may negate any such presumption through evidence to the contrary."). Although the trial court was concerned with locating the original enforcement order, we do not agree that the record reflects the trial court did not recollect imposing the conditions of probation included in the handwritten language. Moreover, we note that the case cited by Depeau relies on the erroneous "clear and convincing" evidentiary standard in its analysis. *See id.* ("Though a fairly loose version of evidence is allowed, with cases relying on the judge's recollections and on the argument of counsel, nevertheless, that evidence must be sufficiently clear and convincing to allow the trial court to conclude that clerical error exists.").