# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00539-CV

---

**Carrie Chitsey and Chris Chitsey, Appellants**

**v.**

**Heather Otten, J. E. Hagan, K. R. Hagan, and Willie Mae Hagan, Appellees**

---

**FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-98-007701, THE HONORABLE MARIA CANTÚ HEXSEL, JUDGE PRESIDING**

---

### NO. 03-21-00661-CV

---

**In re Carrie Chitsey and Chris Chitsey**

---

**ORIGINAL PROCEEDING FROM TRAVIS COUNTY**

---

## M E M O R A N D U M   O P I N I O N

Carrie and Chris Chitsey (Chitseys) appeal from the district court's order declaring a judgment nunc pro tunc void because it was signed after the expiration of the district court's plenary power. *See* Tex. R. Civ. P. 329b(f) (providing that trial courts "may at any time . . . also sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired"). They have also filed a mandamus petition challenging the

order and the district court's refusal to rule on their motion to strike Heather Otten's petition in intervention. We will deny mandamus relief and dismiss the appeal for want of jurisdiction.

## BACKGROUND

Ron Chitsey sued K.R. Hagan, J.E. Hagan, and Willie May Hagan to quiet title to certain property in Travis County. In May of 2001, the district court rendered a default judgment in favor of Ron Chitsey. The default judgment describes the property awarded as: "A portion of Lots 6, 10 and 11, Block C, Delwood, Section 3, Plat No. 5/12, being a portion as described in Vol. 928, Page 401 of the deed and plat records of Travis County, Texas."

Ron Chitsey died in November of 2020, and the Chitseys inherited his interest in the property. In July of 2021, the Chitseys filed a motion for judgment nunc pro tunc, arguing that the default judgment was erroneous because it failed to adequately describe the property. The Chitseys asked the court to enter judgment nunc pro tunc describing the property using a metes-and-bounds description prepared by a surveyor. The description, which was attached to the motion, was based on a survey performed on April 8, 2021. On July 21, 2021, the district court granted the motion and signed and entered judgment nunc pro tunc describing the property awarded as: "A portion of Lots 6, 10, and 11, Block C Delwood Section 3, Plat No. 5/12, being a portion as described in Vol. 928, Page 401 of the deed and plat records of Travis County, Texas, *and described by metes and bounds in the attached Exhibit A*." (emphasis added). Exhibit A is identical to the property description prepared by the Chitseys' surveyor.

2

On August 16, 2021, Heather Otten filed a petition in intervention and motion for new trial asking the district court to set aside the judgment nunc pro tunc.[1] The Chitseys filed a motion to strike alleging that Otten's petition was untimely, among other things. Otten filed an amended petition seeking, in the alternative, a declaration under the Uniform Declaratory Judgments Act that the judgment nunc pro tunc is void and attorney's fees. *See* Tex. Civ. Prac. & Rem. Code § 37.004 (authorizing suit to obtain declaratory relief on certain enumerated subjects). The district court held a non-evidentiary hearing at which it heard argument from the Chitseys and Otten and took the matter under advisement.

On October 4, 2021, the district court signed an order stating: "Pursuant to Texas Rule of Civil Procedure 329b(f), the Court hereby declares that the Judgment Nunc Pro Tunc signed on July 20, 2021 is void because it was signed after the Court's plenary power had expired." The Chitseys filed a motion the next day asking the court to sign an order granting their motion to strike. The district court took no action on the motion. This appeal and original proceeding ensued.

## JUDGMENT NUNC PRO TUNC

The Chitseys argue in their appeal and mandamus petition that the district court erred because the judgment nunc pro tunc is not void because it properly corrected a clerical error. In the alternative, they argue that the district court violated their due process rights by setting aside the judgment without notice.

---

[1] Otten's petition states that she owns part of Lot 11 and acquired an additional interest in Lots 6, 10, and 11 via quitclaim deed from Delores Hagan.

3

**Appellate Jurisdiction**

As a threshold matter, Otten challenges our jurisdiction over the Chitseys' appeal. Otten argues that a "sua sponte order voiding a judgment nunc pro tunc" pursuant to Rule 329b(f) is not final. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment."). We will not resolve this question because it is unnecessary: the Chitseys assert the same issues challenging the order in their mandamus petition and request the same relief, and the resolution of the mandamus proceeding renders the issues on appeal moot. *See Electric Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 635 (Tex. 2021) (explaining case is moot when, among other circumstances "the court can no longer grant the requested relief or otherwise affect the parties' rights or interests").

**Legal Standards**

The writ of mandamus is an extraordinary remedy that will issue only if the relator shows a clear abuse of discretion and that no adequate appellate remedy exists. *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (orig. proceeding). "A trial court abuses its discretion when it acts with disregard of guiding rules or principles or when it acts in an arbitrary or unreasonable manner." *In re Academy, Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). We must defer to a trial court's factual findings that are supported by the record, *C.J.C.*, 603 S.W.3d at 811, but "a trial court has no discretion in determining what the law is or in applying it to the facts," *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (orig. proceeding). A

court's "failure to analyze or apply the law correctly is an abuse of discretion." *In re Academy*, 625 S.W.3d at 25.

In this proceeding, the Chitseys argue that the district court abused its discretion because Rule 329b did not authorize it to set aside the judgment nunc pro tunc, and, effectively, that that the order is void because the court no longer had the power to act. *See Electric Reliability Council*, 619 S.W.3d at 640 (explaining that judgment is void if rendered without "power to act"). Ordinarily, the party seeking mandamus relief must prove that no adequate appellate remedy exists. *See, e.g., In re Millwork*, 631 S.W.3d 706, 711 (Tex. 2021) (orig. proceeding). However, when a trial court's order is void, mandamus relief is appropriate, and the relator does not have to show that it does not have an adequate remedy by appeal. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *see In re X.A.*, No. 01-19-00227-CV, 2020 WL 237939, at *4 (Tex. App.—Houston [1st Dist.] Jan. 16, 2020, orig. proceeding) (mem. op.) (holding party seeking mandamus relief from void nunc pro tunc order "need not show he lacks an adequate remedy by appeal" (citing *In re Southwestern Bell Tel. Co.*, 35 S.W.3d at 605; *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding))).

A trial court "has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." Tex. R. Civ. P. 329b(d). Filing a motion for new trial or certain other post-judgment motions can extend the trial court's plenary power for up to an additional seventy-five days. *Id.* R. 329b(a), (c), (e); *see In re Thompson*, 569 S.W.3d 169, 173 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding) ("The court's plenary power over a final judgment may not be extended more than 105 days after the judgment was signed."). After the expiration of plenary power, a court "generally lacks

5

jurisdiction to act, and any orders it issues are typically void." *Akinwamide v. Transportation Ins.*, 499 S.W.3d 511, 520 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). However, "the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316, and may also sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired." Tex. R. Civ. P. 329b(f).

"An attempted nunc pro tunc judgment entered after the trial court loses plenary jurisdiction is void if it corrects judicial rather than clerical errors." *Texas Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013). A clerical error "is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the court." *In re A.M.C.*, 491 S.W.3d 62, 67 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A judicial error, on the other hand, "occurs in the rendering, rather than the entering, of a judgment and arises from a mistake of law or fact that requires judicial reasoning to fix." *In re Marriage of Russell*, 556 S.W.3d 451, 456 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986)). Whether an error is clerical or judicial is a question of law that courts review de novo. *Id.* at 457. However, "a trial court must make a factual determination regarding whether it previously rendered judgment and the judgment's contents before it may decide the nature of the error." *In re A.M.C.*, 491 S.W.3d at 67.

**Analysis**

There is no dispute that the trial court's plenary power had expired when the district court signed the judgment nunc pro tunc. Whether the district court correctly concluded

6

the judgment nunc pro tunc was void "because it was signed after the Court's plenary power had expired" turns on whether the judgment corrected a clerical or a judicial error.

To enter judgment nunc pro tunc, a court must have evidence that the written judgment differs from the judgment rendered. *Escobar*, 711 S.W.2d at 231–32. Thus, by rendering the judgment nunc pro tunc, the district court impliedly found that it had rendered judgment awarding the precise land described in the metes-and-bounds description to Ron Chitsey. *See Ramirez v. Ramirez*, No. 03-18-00200-CV, 2019 WL 1561812, at *5 (Tex. App.—Austin Apr. 11, 2019, no pet.) (mem. op.) (explaining that when trial court does not enter findings of fact, "all facts necessary to support the judgment and supported by the evidence are implied" (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002))). By setting aside the judgment nunc pro tunc as void, however, the district court impliedly found that there is no evidence that the written judgment differed from the judgment rendered.

Liberally construing the Chitseys' briefing as including a challenge to the district court's implied finding that there is no evidence that the judgment rendered differed from the written judgment,[2] the record supports it. The default judgment signed by the district court in 2001 awarded Ron Chitsey a "portion of Lots 6, 10, and 11, Block C, Delwood, Section 3, Plat No. 5/12." There was no evidence before the district court that it had rendered the default

---

[2]  The Chitseys do not challenge the evidentiary sufficiency of that finding but continue to presume that the district court rendered judgment awarding the same land described by their survey. Instead, they argue that adding a metes-and-bounds description of the property "was simply a clerical correction." However, we must treat every issue as "covering every subsidiary question that is fairly included." *See Anderson v. Durant*, 550 S.W.3d 605, 617 (Tex. 2018) (citing Tex. R. App. P. 38.1(f)).

judgment separately from the written judgment that it signed and later entered.[3]  *See State v. Naylor*, 466 S.W.3d 783, 788 (Tex. 2015) ("A court's judgment . . . is rendered 'when the trial court officially announces its decision in open court or by written memorandum filed with the clerk.'" (quoting *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995))).  If "the judgment entered is the same as the judgment rendered, regardless of whether the rendition was incorrect, a trial court has no nunc pro tunc power to correct or modify the entered judgment after its plenary jurisdiction expires." *Hernandez v. Lopez*, 288 S.W.3d 180, 187 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  Accordingly, the district court did not misapply the law by concluding the judgment nunc pro tunc corrected a judicial error and is therefore void.  *See In re D & KW Fam., L.P.*, No. 01-11-00276-CV, 2012 WL 3252683, at *7 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, orig. proceeding) (mem. op.) (concluding court did not abuse its discretion in refusing to enter judgment nunc pro tunc including metes-and-bounds description of property awarded because "[t]here is no indication in the record that the trial court actually rendered, orally or otherwise, a judgment different from the one it signed and entered").

The Chitseys respond that the district court violated their right to due process by declaring the nunc pro tunc judgment void without notice.  "Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Mosley v. Texas Health & Human Servs. Comm'n*, 593 S.W.3d 250, 265 (Tex. 2019) (citing *University*

---

[3]  The absence of evidence as to the contents of the rendered judgment distinguishes this case from the Chitseys' main authorities.  *See Davis v. Davis*, 647 S.W.2d 781, 783 (Tex. App.—Austin 1983, no writ) ("In the instant case, it is undisputed that judgment was orally rendered and pronounced from the bench by the trial court."); *Mizell v. Mizell*, 624 S.W.2d 782, 785 (Tex. App.—Fort Worth 1981, no writ) (affirming nunc pro tunc judgment because record shows "obvious omission from the 1978 judgment of a metes and bounds description" mentioned in oral rendition); *Ledbetter v. Ledbetter*, 390 S.W.2d 403, 405 (Tex. App.—Waco 1965, writ dism'd) (affirming nunc pro tunc order adding metes-and-bounds description based on trial judge's testimony that he orally rendered judgment awarding the exact property described).

*of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995)).  The Chitseys argue that they would have presented evidence in support of the judgment nunc pro tunc at the hearing if they had known that the district court intended to set it aside under Rule 329b(f).  They thought this showing unnecessary to oppose Otten's motion for new trial because they believed they would have an opportunity to "retry the case" if the court granted the motion.  However, Otten argued in her motion that the judgment nunc pro tunc "is void[] and should be vacated by the Court in favor of the prior judgment entered in this cause."  The Chitseys do not explain what more was necessary to alert them of the need to present evidence in support of the judgment nunc pro tunc at the hearing.  We conclude the Chitseys have not established that the district court violated their right to due process.

We hold the district court did not abuse its discretion by declaring the judgment nunc pro tunc to be void pursuant to Rule 329b(f), and we overrule the Chitseys' first two issues.

**MOTION TO STRIKE**

The Chitseys also argue in their mandamus petition that the district court abused its discretion by failing to rule on their motion to strike Otten's petition in intervention.  To obtain mandamus relief from a court's failure to rule on a motion that has been filed with the clerk, a party must show that:  "(1) the trial court had a legal duty to act, (2) there was a demand for performance, and (3) there was a refusal to act."  *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (citing *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979)).  After the district court entered the order setting aside the judgment nunc pro tunc void, the Chitseys' counsel contacted the court to ask if the court intended to dispose of the motion to strike.  According to the Chitseys, the trial court's staff "replied by email that the

9

[c]ourt's position was that it was without plenary power to address the Motion to Strike." The Chitseys argue the court's refusal to act "leaves the parties in limbo on whether Otten is a party to the Hagan Lawsuit and whether Otten is asserting any live claims against the Chitseys. This limbo cannot be resolved when the trial court takes the position it has no plenary power to issue a ruling."

Even if a refusal to rule would leave the case in perceived "limbo," the district court could not take any action if it had lost plenary power. *See Electric Reliability Council*, 619 S.W.3d at 640 ("The trial court here no longer has the power to act. If it did act, its action would be void." (internal citations omitted)). The district court lost plenary power no later than 105 days after rendering the default judgment in 2011. *See L.M. Healthcare, Inc. v. Childs*, 929 S.W.2d 442, 444 (Tex. 1996) ("The trial court's plenary jurisdiction cannot extend beyond 105 days after the trial court signs the judgment."); *In re Thompson*, 569 S.W.3d at 173. Any action the district court took on the motion to strike or the petition in intervention would be void.[4] *See In re H.F.*, No. 02-16-00347-CV, 2016 WL 6706324, at *3 (Tex. App.—Fort Worth Nov. 14, 2016, no pet.) (mem. op.) (stating trial court had lost plenary power and "therefore had no power on that date to grant Grandmother leave to intervene in the SAPCR or to enter an order denying Mother's motion to strike Grandmother's petition in intervention"); *Bennetsen v. Mostyn Law Firm*, No. 01-14-00184-CV, 2015 WL 1778356, at *2–3 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no pet.) (mem. op.) (holding order denying motion to strike void because it was entered after expiration of plenary power). We conclude the Chitseys have not shown the district

---

[4] We observe that this does not leave Otten's party status uncertain. It is well settled that a person who attempts to intervene after the trial court signs a final judgment "is not bound by, is not a 'party' to, and cannot appeal the final judgment unless the trial court sets aside that judgment." *Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 362 (Tex. 2021) (per curiam).

10

court abused its discretion by refusing to rule on their motion to strike.[5]   We overrule the Chitseys' final issue.

## CONCLUSION

We deny the Chitseys' petition for writ of mandamus (cause No. 03-21-00661-CV). Because we fully addressed the Chitseys' challenge to the order declaring the judgment void in their mandamus petition, the appeal (cause No. 03-21-00539-CV) is moot.  *See Electric Reliability Council*, 619 S.W.3d at 635 (explaining case is moot when, among other circumstances "the court can no longer grant the requested relief or otherwise affect the parties' rights or interests").  We dismiss the appeal for want of jurisdiction.  *See id.* at 641–42; *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012).

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Kelly, and Smith

03-21-00539-CV: Dismissed for Want of Jurisdiction

03-21-00661-CV: Relief Denied

Filed:  May 6, 2022

---

**5**  The Chitseys have filed two motions to strike Otten's briefing on the ground that she was not "a party to the underlying proceeding" and so should not participate here.  Given our conclusion that the Chitseys failed to demonstrate their entitlement to relief, we dismiss both motions as moot.